# EXHIBIT A

Filed and Attested by the
Office of Judicial Records
19 SEP 2023 03:50 pm
C. SMITH

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

| | |
|---|---|
| ROSEMARK RUNKLE<br>108 Pennsylvania Avenue<br>Watsontown, PA 17777<br><br>vs.<br>FEDERAL INSURANCE COMPANY<br>202B Hall's Mill Road<br>Whitehorse Station, NJ 08889<br>and<br>THE CHUBB CORPORATION i/t/a<br>FEDERAL INSURANCE COMPANY<br>436 Walnut Street<br>Philadelphia, PA 19106<br>and<br>CO-ORDINATED BENEFIT PLANS<br>PO Box 26222<br>Tampa, FL 33623<br>and<br>ONE80 INTERMEDIARIES i/t/a<br>CO-ORDINATED BENEFIT PLANS<br>160 Federal Street, 4th Floor<br>Boston, MA 02110 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION<br>SEPTEMBER TERM, 2023<br><br><br><br><br><br>NO: |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

10-284

Case ID: 230901912

| | |
|---|---|
| HUBER & PALSIR, LLC<br>BY: ROBERT A HUBER, ESQUIRE<br>    THOMAS E. COPAIN, ESQUIRE<br>IDENTIFICATION NOs.: 58948/322039<br>P.O. BOX 37008<br>PHILADELPHIA, PA 19122<br>215.627.0676<br>rhuber@myhplaw.com – email | MAJOR TRIAL<br>ATTORNEYS FOR PLAINTIFF |
| ROSEMARK RUNKLE<br>108 Pennsylvania Avenue<br>Watsontown, PA 17777<br><br>vs.<br>FEDERAL INSURANCE COMPANY<br>202B Hall's Mill Road<br>Whitehorse Station, NJ 08889<br>    and<br>THE CHUBB CORPORATION i/t/a<br>FEDERAL INSURANCE COMPANY<br>436 Walnut Street<br>Philadelphia, PA 19106<br>    and<br>CO-ORDINATED BENEFIT PLANS<br>PO Box 26222<br>Tampa, FL 33623<br>    and<br>ONE80 INTERMEDIARIES i/t/a<br>CO-ORDINATED BENEFIT PLANS<br>160 Federal Street, 4th Floor<br>Boston, MA 02110 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION<br>SEPTEMBER TERM, 2023<br><br><br><br><br><br>NO: |

## CIVIL ACTION – BREACH OF CONTRACT & BAD FAITH

1. Plaintiff, Rosemary Runkle, is an adult individual who resides at the above captioned address. At all times material hereto she was the sole beneficiary of a life insurance policy which insured the life of her husband, Michael Runkle, in the event of his accidental death.

2. Defendant Federal Insurance Company is a corporation which administers life insurance coverage and is authorized to perform business in the Commonwealth of Pennsylvania with a

Case ID: 230901912

principal place of business at the above captioned address. At all times material hereto, Defendant (hereinafter referred to as Federal Insurance) was Michael Runkle's life insurer.

3. Defendant The Chubb Corporation i/t/a Federal Insurance Company is a corporation which administers life insurance coverage and authorized to do business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address. At all times material hereto, Defendant Chubb Corporation was and is the parent company of Federal Insurance Company.

4. Defendant Co-Ordinated Benefit Plans is a corporation authorized to perform business in The Commonwealth of Pennsylvania with a registered address at the above captioned address. At all times material hereto, Defendant Co-Ordinated Benefit Plans was the Claims Administrator for Federal Insurance Company.

5. Defendant One80 Intermediaries, Inc. is a corporation authorized to perform business in The Commonwealth of Pennsylvania with a registered address at the above captioned address. At all times material hereto, Defendant One80 Intermediaries was and is the parent company of Defendant Co-Ordinated Benefit Plans.

6. At all times material to the incident complained of herein, each Defendant acted individually, and/or by and through its, and/or their agents, servants, workmen, and/or employees who were acting within the course and scope of his/its, their agency, employment and/or authority with one another.

7. Plaintiff invokes the doctrine of *respondeat superior* against each Defendant.

8. This matter is being brought in Philadelphia County as Defendant Chubb Corporation is headquartered in Philadelphia, with its principal place of business and multiple defendants have performed and do perform regular business activities in the City and County of Philadelphia which are essential to their business at all times material hereto.

9. On September 19, 2021, Michael Runkle, deceased, departed this life by accidental death.

10. Plaintiff, Rosemary Runkle, timely notified Federal Insurance of a claim on Michael Runkle's life insurance policy and provided Federal Insurance a copy of Michael Runkle's death certificate. The claim was timely submitted to Defendant Co-Ordinated Benefit Plans.

11. On September 14, 2022, Defendant Co-Ordinated Benefit Plans issued a letter denying Plaintiff's claim, alleging the policy had terminated on July 1, 2021 and Plaintiff was not entitled to the life insurance proceeds.

12. Plaintiff disputes the Defendants' failure to pay the proceeds of Michael Runkle's life insurance policy to her, as the Defendants failed to provide proper written notice terminating/ cancelling the policy under Pennsylvania law (see 31 Pa. § 59.6).

13. The defendants' non-payment of said insurance policy was improper, in breach of its contact was arbitrary and/or capricious and in violation of Pennsylvania law.

### COUNT I
### PLAINTIFF v. FEDERAL INSURANCE COMPANY – BREACH OF CONTRACT

14. Plaintiff incorporates by reference the preceding paragraphs as if same were fully set forth at length herein.

15. Micheal Runkle contracted with Defendant Federal Insurance Company, wherein Defendant agreed to provide life insurance coverage covering Michael Runkle's life in the event of his accidental death in exchange for payment of premiums. Upon the accidental death of

Michael Runkle while the policy was still in effect, said life insurance benefit was to be distributed to Michale Runkle's beneficiary, Rosemary Runkle, who is the plaintiff in this matter.

16. Plaintiff timely filed for the policy proceeds upon the death of Michael Runkle in accordance with the policy terms. Defendant Federal Insurance Company breached its duties and obligations under the agreed to policy by not tendering payment of the policy benefits.

17. Defendant Federal advised the Runkle family that the notice of cancellation of the policy was timely served upon Michael Runkle via email.

18. Michael Runkle did not have an email address in 2021 and did not use email in 2021.

19. Defendant Federal Insurance later claimed that the premium due was not timely paid by Michael Runkle and that it cancelled the policy for non-payment was mailed to Micheal Runkle.

20. Defendant Federal Insurance failed to provide notice to Michael Runkle that the life insurance policy in question was cancelled and/or properly cancelled for non-payment as required by law.

21. This defendant's failure to tender the life insurance policy proceeds was in error, and constitutes a breach of the terms of said policy and Pennsylvania law.

WHEREFORE, plaintiff, Rosemary Runkle, demands judgment against Defendant, Federal Insurance Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

## COUNT II
## PLAINTIFF v. FEDERAL INSURANCE COMPANY – BAD FAITH ACTION

22. Plaintiff incorporates the preceding paragraphs as if same were fully set forth at length herein.

23. Defendant denied payment of Michael Runkle's life insurance policy based on its determination the policy allegedly terminated/cancelled prior to the Micheal Runkle's death.

However, Defendant Federal Insurance failed to provide Plaintiff any proof it notified and/or properly notified Michael Runkle in writing the policy was terminated/cancelled prior to Michael Runkle's death.

24. The defendant failed to properly evaluate, adjust and handle this life insurance claim.

25. Upon information and belief, Defendant's failure to fully evaluate the merits of Plaintiff's claim, and the denial to tender the life insurance policy proceeds was done willfully, knowingly, and with the intention of denying Plaintiff's timely claim. As such, Defendant's acts and/or omissions in this regard constitute acts of bad faith.

26. Due to the defendant's failure to timely serve Michael Runkle with a proper notice of Termination/cancellation of the life insurance policy which is the subject of this lawsuit, this defendant is estopped from denying that the life insurance policy was in full force and effect at all times material hereto.

WHEREFORE, plaintiff, Rosemary Runkle, demands judgment against Defendant, Federal Insurance Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

## COUNT III
## PLAINTIFF v. THE CHUBB CORPORATION i/t/a
## FEDERAL INSURANCE COMPANY – BREACH OF CONTRACT

27. Plaintiff incorporates by reference the preceding paragraphs as if same were fully set forth at length herein.

28. Plaintiff entered into a contract with Defendant The Chubb Corporation i/t/a Federal Insurance Company (hereinafter referred to as Chubb), wherein Defendant agreed to provide life insurance coverage covering Michael Runkle's life in the event of his accidental death in exchange for payment of premiums. Upon the accidental death of Michael Runkle while the

policy was still in effect, said life insurance benefit was to be distributed to Michale Runkle's beneficiary, Rosemary Runkle, who is the plaintiff in this matter.

29. Plaintiff properly and timely filed for the life insurance policy proceeds upon the death of Michael Runkle in accordance with the policy terms under said policy. Defendant Chubb breached its duties and obligations under the agreed to policy by failing to pay Plaintiff's claim under said policy after the claim was submitted.

30. This defendant's failure to tender the life insurance policy proceeds was in error, and constitutes a breach of the terms of said policy and Pennsylvania law.

WHEREFORE, plaintiff, Rosemary Runkle, demands judgment against Defendant, The Chubb Corporation i/t/a Federal Insurance Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

### COUNT IV
### PLAINTIFF v. THE CHUBB CORPORATION i/t/a
### FEDERAL INSURANCE COMPANY – BAD FAITH ACTION

31. Plaintiff incorporates the preceding paragraphs as if same were fully set forth at length herein.

32. Defendant denied payment of Michael Runkle's life insurance policy based on its determination the policy allegedly terminated/cancelled prior to the Micheal Runkle's death. However, Defendant Federal Insurance failed to provide Plaintiff any proof it notified and/or properly notified Michael Runkle in writing the policy was terminated/cancelled prior to Michael Runkle's death.

33. The defendant failed to properly evaluate, adjust and handle this life insurance claim.

34. Upon information and belief, Defendant's failure to fully evaluate the merits of Plaintiff's claim, and the denial to tender the life insurance policy proceeds was done willfully, knowingly, and with the intention of denying Plaintiff's timely claim. As such, Defendant's acts and/or omissions in this regard constitute acts of bad faith.

35. Due to the defendant's failure to timely serve Michael Runkle with a proper notice of termination/cancellation of the life insurance policy which is the subject of this lawsuit, this defendant is estopped from denying that the life insurance policy was in full force and effect at all times material hereto.

WHEREFORE, plaintiff, Rosemary Runkle, , demands judgment against Defendant, The Chubb Corporation, i/t/a Federal Insurance Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

## COUNT V
## PLAINTIFF v. CO-ORDINATED BENEFIT PLANS – BREACH OF CONTRACT

36. Plaintiff incorporates by reference the preceding paragraphs as if same were fully set forth at length herein.

37. Plaintiff entered into a contract with Defendant Federal Insurance Company, wherein Plaintiff entered into a contract with Defendant, whereas Defendant would provide life insurance coverage to be distributed upon the death of the insured in exchange for funds paid by Plaintiff. Defendant Co-Ordinated Benefit Plans was the claim administrator.

38. Plaintiff timely filed for the policy proceeds upon the death of Michael Runkle in accordance with the policy terms. Defendant Co-Ordinated Benefit Plans breached its duties and obligations under the agreed to policy by not tendering the policy.

39. Defendant Co-Ordinated Benefit Plan's decision to fail to tender the policy was baseless and arbitrary and as such, a failure to pay the policy proceeds constitutes a breach of the agreed to policy with Plaintiff.

WHEREFORE, plaintiff, Rosemary Runkle, demands judgment against Defendant, Co-Ordinated Benefit Plans, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

## COUNT VI
## PLAINTIFF v. CO-ORDINATED BENEFIT PLANS – BAD FAITH ACTION

40. Plaintiff incorporates the preceding paragraphs as if same were fully set forth at length herein.

41. Defendant rejected payment of Michael Runkle's life insurance policy based on a Determination the policy terminated prior to the decedent's death. However, Defendant Co-Ordinated Benefit Plans failed to provide any proof it notified Plaintiff in writing the policy terminated prior to Michael Runkle's death.

42. Herein the Defendant failed to properly evaluate this case.

43. Upon information and belief, Defendant's failure to fully evaluate the merits of Plaintiff's claim, and the denial to tender the life insurance policy proceeds was done willfully, knowingly, and with the intention of denying Plaintiff's timely claim. As such, Defendant's acts and/or omissions in this regard constitute acts of bad faith.

WHEREFORE, plaintiff, Rosemary Runkle, Administrator of the Estate of Michael Runkle, deceased, demands judgment against Defendant, Co-Ordinated Benefit Plans, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

## COUNT VII
## PLAINTIFF v. ONE80 INTERMEDIARIES i/t/a
## CO-ORDINATED BENEFIT PLANS – BREACH OF CONTRACT

Case ID: 230901912

44. Plaintiff incorporates by reference the preceding paragraphs as if same were fully set forth at length herein.

45. Plaintiff entered into a contract with Defendant Federal Insurance Company, wherein Plaintiff entered into a contract with Defendant, whereas Defendant would provide life insurance coverage to be distributed upon the death of the insured in exchange for funds paid by Plaintiff. Defendant One80 Intermediaries, i/t/a Co-Ordinated Benefit Plans was the claim administrator.

46. Plaintiff timely filed for the policy proceeds upon the death of Michael Runkle in accordance with the policy terms. Defendant One80 Intermediaries breached its duties and obligations under the agreed to policy by not tendering the policy.

47. Defendant's decision to fail to tender the policy was baseless and arbitrary and as such, a failure to pay the policy proceeds constitutes a breach of the agreed to policy with Plaintiff.

WHEREFORE, plaintiff, Rosemary Runkle, Administrator of the Estate of Michael Runkle, deceased, demands judgment against Defendant, One80 Intermediaries i/t/a Co-Ordinated Benefit Plans, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

### COUNT VI
### PLAINTIFF v. ONE80 INTERMEDIARIES i/t/a
### CO-ORDINATED BENEFIT PLANS – BAD FAITH ACTION

48. Plaintiff incorporates the preceding paragraphs as if same were fully set forth at length herein.

49. Defendant rejected payment of Michael Runkle's life insurance policy based on a Determination the policy terminated prior to the decedent's death. However, Defendant Co-Ordinated Benefit Plans failed to provide any proof it notified Plaintiff in writing the policy terminated prior to Michael Runkle's death.

50. Herein the Defendant failed to properly evaluate this case.

51. Upon information and belief, Defendant's failure to fully evaluate the merits of Plaintiff's claim, and the denial to tender the life insurance policy proceeds was done willfully, knowingly, and with the intention of denying Plaintiff's timely claim. As such, Defendant's acts and/or omissions in this regard constitute acts of bad faith.

52. Due to the defendant's failure to timely serve Michael Runkle with a proper notice of termination/cancellation of the life insurance policy which is the subject of this lawsuit, this defendant is estopped from denying that the life insurance policy was in full force and effect at all times material hereto.

WHEREFORE, plaintiff, Rosemary Runkle, demands judgment against Defendant, One80 Intermediaries i/t/a Co-Ordinated Benefit Plans, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

## PLAINTIFF v. ALL DEFENDANTS

## VIOLATION OF PENNSYLVANIA UTPCPL

53. Plaintiff incorporates by reference herein the preceding paragraphs as if same were fully set forth at length herein.

54. Each defendant's conduct as aforesaid had the tendency or capacity to deceive the insured, Michael Runkle and plaintiff, Rosemary Runkle, the beneficiary of the life insurance

policy, that at all times material hereto the life insurance policy which is the subject of this litigation was in effect.

55. Had proper and timely notice of any alleged non-payment of premium have been received, said non-payment of premium being expressly denied, Michael Runkle and/or Plaintiff would have timely remedied same.

WHEREFORE, plaintiff, Rosemary Runkle, demands judgment against each defendant, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs, and interest.

HUBER & PALSIR, LLC

BY: *Robert A. Huber*
Robert A. Huber, Esquire
Thomas E. Copain, Esquire
Attorneys for plaintiff,
Rosemary Runkle

Dated: 9/19/2023

## **VERIFICATION**

The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this law suit. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S. Sec. 4904, relating to unsworn falsification of authorities.

BY: *Rosemary Krunkle*